COOLEY LLP
MICHELLE C. DOOLIN (179445)
(doolinmc@cooley.com)
MAZDA K. ANTIA (214963)
(mantia@cooley.com)
KRAIG D. JENNETT (261019)
(kjennett@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
The Choice Manufacturing Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 11 3725 EDL

| | |
|---|---|
| THOMAS SANDERS, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHOICE MANUFACTURING COMPANY, INC. a New Jersey Corporation; NRRM, LLC, a Missouri Limited Liability Company, d/b/a STOP REPAIR BILLS.COM, f/k/a NATIONAL DEALER WARRANTY; and DOES 3 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT THE CHOICE MANUFACTURING CO.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, & 1453**<br><br>**CLASS ACTION** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

CASE NO.

DEFENDANT THE CHOICE
MANUFACTURING CO.'S NOTICE OF
REMOVAL

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE ABOVE-CAPTIONED COURT:

Please take notice that defendant The Choice Manufacturing Company ("Choice") removes the above-captioned action from the Superior Court of the State of California, County of Contra Costa ("Superior Court"), where the action is now pending, to the United States District Court for the Northern District of California, San Francisco Division. This civil action is removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1453. For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332 and 1453.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On or about March 10, 2011, Plaintiff Thomas Sanders ("Plaintiff") commenced a civil action in the Superior Court of the State of California, County of Contra Costa, entitled *Thomas Sanders v. Accelerated Services International*, Case No. CIVMSC11-00571, by filing a Complaint.

2. The Complaint alleged claims for (1) Declaratory Relief, (2) violations of the Consumers Legal Remedies Act ("CLRA"), which is codified at California Civil Code §§ 1750-84, (3) violations of the False Advertising Law ("FAL"), which is codified at California Business and Professions Code §§ 17500-09, and (4) violations of the Unfair Competition Law ("UCL"), which is codified at California Business and Professions Code §§ 17200-10.

3. The Complaint named two defendants: Accelerated Service International, Inc. ("ASI") and National Dealer Warranty, Inc.

4. Defendant Choice was not named as a defendant in Plaintiff's original Complaint, but was listed only as an "aka" of ASI.

5. Plaintiff subsequently filed a First Amended Complaint that named Choice as a defendant and changed the name of Defendant National Dealer Warranty, Inc. to NRRM, LLC. On June 10, 2011, Plaintiff mailed to Choice a copy of the Summons and the First Amended Complaint that named Choice, along with a notice and acknowledgement under Cal. Civ. Proc. Code 415.30.

CASE NO. 1. DEFENDANT THE CHOICE MANUFACTURING CO.'S NOTICE OF REMOVAL

1   6.  On June 30, 2011, Choice timely signed and returned to Plaintiff the written acknowledgement of receipt of Summons and the FAC. A true and correct copy of the written acknowledgement, Summons, FAC, original complaint and supporting documents are attached as Exhibit A.

7.  Choice is aware that the Superior Court set a case management conference for August 2, 2011, and stayed discovery until after the case management conference. (*See*, Ex. A, p. 89.)

8.  Choice has not been served with any other process, pleading, or order.

9.  This Notice of Removal is timely because Choice filed it within thirty days of when service of Summons and the FAC was effective on Choice. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 354 (removal period triggered by proper service of process on named defendant). Again, on June 10, 2011, Plaintiff mailed to Choice a copy of the Summons and FAC, along with a notice and acknowledgement under Cal. Civ. Proc. Code § 415.30. Under section 415.30(c), "[s]ervice of a summons ... is deemed complete on the date the written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30(c). Choice signed and returned the written acknowledgement of receipt of summons on June 30, 2011. (Ex. A at p. 3.) Choice therefore has 30 days from June 30 to remove the action. *See Varga v. United Airlines*, 09-02278, 2009 WL 2246208, *3 (N.D.Cal. 2009) (30-day removal period triggered by execution of acknowledgement under Cal. Civ. Proc. Code § 415.30); *see also Aniel v. EMC Motg. Corp.*, 10-5170, 2011 WL 835879, *3 (N.D. Cal. 2011) (noting same); *Chissie v. Winco Foods, LLC*, 2:09-cv-02915, 2010 WL 580987, *2 (E.D. Cal. 2010) (same). Further, this Notice of Removal is timely even though Choice is a later served Defendant. *See Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("We adopt the later-served rule as the wiser and more equitable approach. ... [W]e hold that each defendant is entitled to thirty days to exercise his removal rights after being served.").

10. Choice will serve written notice of this filing on Plaintiff, through his counsel of record, as required under 28 U.S.C. § 1446(d). Choice will also serve written notice of this filing on Defendant NRRM, which consents to this removal.

## SUBJECT MATTER JURISDICTION

11. CAFA "significantly expanded federal subject matter and removal jurisdiction over class actions . . . mak[ing] it easier for litigants to remove class actions to federal district courts." *Schiller v. David's Bridal, Inc.*, 10-cv-00616, 2010 WL 2793650, *1 (E.D. Cal. July 10, 2010). CAFA provides diversity jurisdiction, *inter alia*, where (1) the proposed number of putative class members is over 100, 28 U.S.C. § 1332(d)(5)(B); (2) at least one plaintiff and at least one defendant are citizens of different states, 28 U.S.C. § 1332(d)(2)(A);[1] and (3) the amount in controversy, including but not limited to the aggregate amount of relief sought by absent class members, exceeds $5 million, 28 U.S.C. §§ 1332(d)(2) & d(6). Each of these requirements is met here.

## CLASS SIZE

12. Plaintiff asserts claims concerning Choice's product warranty for the radiator additive it manufactures. (Ex. A at pp. 13-19 (FAC. ¶¶ 22-38).)

13. Plaintiff seeks to certify two classes defined as:

> Class 1: All individuals, residing in the State of California, who purchased a Policy, under which Defendant CHOICE acted as the obligor during the period of time beginning March 10, 2007 and continuing through the date of trial.
>
> Class 2: All individuals, residing in the State of California, who purchased a Policy from Defendant NRRM during the period of time beginning March 10, 2007 and continuing through the date of trial.

(Ex. A at pg. 19 (FAC. ¶ 39).)

---

[1] The traditional "unanimity rule" governing removal (that is, the principle that unless all defendants properly joined and served when a case is removed consent to the removal, such removal is procedurally defective), does not apply to removal pursuant to CAFA. 28 U.S.C. § 1453(b); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) ("Because the case is governed by CAFA and the rule of unanimity is inapplicable, Shell removed the action as a whole, including claims against Tesoro.").

14.     Plaintiff alleges that the class comprises "thousands of members." (Ex. A at p. 20 (FAC. ¶ 40)); *see also* Declaration of Steve Proetz in Support of Notice of Removal ("Proetz Decl.") ¶ 6 (stating that over 31,000 individual units of radiator additive were sold in California during the alleged class period).)

15.     Accordingly, the FAC alleges that the aggregate number of class members is greater than 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

16.     Plaintiff's FAC does not plead a specific amount of damages. As such, removal is proper if Choice establishes by a preponderance of evidence that plaintiff is demanding in excess of $5 million in damages. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683, 685 (9th Cir. 2006); *see also Deehan v. Amerigas Partners, L.P.*, 08-cv-1009, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008) ("The issue is the amount Plaintiff has placed in controversy, not the amount that Defendant will actually be held liable for."). Choice's burden of proof "is not daunting, as courts recognize that . . . a removing defendant is *not* obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (emphasis in original; internal quotation marks removed).

17.     Plaintiff generally seeks actual and compensatory damages, restitution and disgorgement of "Defendants' revenues and profits resulting from the sale of the Policies." (Ex. A, at pp. 24, 26-28 (FAC ¶¶ 55, 59, 68, 73; FAC Prayer ¶¶ 2, 5, 6).) Plaintiff also seeks an injunction preventing Defendants "from transacting any further business with respect to the Policies in the State of California" (*Id.* at p. 24, 28 (FAC ¶ 55; FAC Prayer ¶ 4)), punitive damages, (*Id.* at p. 26 (FAC ¶ 65)), and an award of "attorneys' fees," "costs of suit," and "pre-judgment interest" (*Id.* at p. 28 (FAC Prayer ¶¶ 8-10)).

18.     Without conceding the validity of Plaintiff's theories of damages (or, of course, liability), as pled in the FAC, a conservative estimate of the damages put in controversy significantly exceeds $5 million. (*see* Ex. A at p. 20 (FAC ¶ 40 ("millions of dollars worth of Policies" at issue)); *see also* Proetz Decl. ¶ 7 ("based on an estimate of approximately 31,000 purchasers, the damages figure would significantly exceed $5 million").)

CASE NO.                                    4.                      DEFENDANT THE CHOICE MANUFACTURING CO.'S NOTICE OF REMOVAL

a. Approximately 31,000 units of Choice's additive were sold in California by NRRM during the purported class period. (Proetz Decl. at ¶ 6.)

b. Plaintiff alleges he was damaged in the total amount of at least $4093.00, (see, e.g., Ex. A at pp. 17, 19 (FAC ¶¶ 31, 38)), and that his "claims are typical of the claims of the members of the Class ...." (Id. at p. 21 (FAC ¶ 42)). Specifically, Plaintiff claims that he paid $1,993 for Choice's automotive additive. (Id. at p. 17 (FAC ¶ 31).) He seeks restitution of this amount. Plaintiff also claims that he suffered $2,100 in out-of-pocket repair costs and seeks recovery of this amount. (Id. at pp. 19, 28 (FAC ¶ 38; FAC Prayer).) Thus, based on a class size of 31,000, the amount placed in controversy by either theory in Plaintiff's FAC is significantly more than $5,000,000. See Frederico v. Home Depot, 507 F.3d 188, 198 - 199 & n.8 (3d Cir. 2007) (multiplying compensatory damages sought by plaintiff, together with potential punitive damages and attorneys' fees, by the number of potential class members to determine if amount in controversy element was satisfied); see also (Proetz Decl. at ¶ 7 ("Without conceding the validity of this theory of monetary liability, if the measure of restitution is the price paid by purchasers of The Choice additive, based on an estimate of approximately 31,000 purchasers, the damages figure would significantly exceed $5 million.")); Behrazfar v. Unisys Corp., 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (crediting a conservative estimate of amount in controversy made in good faith).

c. Under CAFA, the amount of potential punitive damages may also be considered when calculating the amount in controversy. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698 (9th Cir. 2007); Tompkins v. Basic Research LLC, S-08-244, 2008 WL 1808316 at *4 (E.D. Cal. April 22, 2008) (applying "'conservative' estimate of a 1:1 ratio between compensatory and punitive damages" for punitive damages when calculating amount in controversy).

d. Further, under CAFA the potential cost of compliance with a request for injunctive relief may be considered when calculating the amount in controversy. Tompkins, 2008 WL 1808316 at *4 & n.9 (noting that under CAFA, the amount in controversy includes defendants' potential cost of compliance with a request for injunctive relief); see also 15 James

| CASE NO. | 5. | DEFENDANT THE CHOICE MANUFACTURING CO.'S NOTICE OF REMOVAL |

Wm. More et al., Moore's Federal Practice ¶ 102.26(c)(ii) (3d ed. 2010) ("Because CAFA requires aggregation, the pre-CAFA non-aggregation rule requiring valuation from the plaintiff's perspective, rather than the defendant's, in class actions seeking injunction relief does not apply. The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants.").

   e. Finally, under CAFA the potential cost of an attorneys' fee award may be considered. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have held that attorneys' fees were properly included in the amount in controversy in a class action."); *Tompkins*, 2008 WL 1808316 at *4 (applying 25% common fund for calculation of attorneys fees' when calculating amount put in controversy).

   f. Therefore, the amount in controversy in this action exceeds $5 million in the aggregate. 28 U.S.C. §§ 1332(d)(2) & (d)(6).

## THE PARTIES ARE CITIZENS OF DIFFERENT STATES

19. Plaintiff alleges he is and at all relevant times was a citizen of California residing in Contra Costa County. (Ex. A at p. 11 (FAC ¶ 14).)

20. Defendant Choice is a corporation organized under New Jersey law, with its principal place of business in New Jersey. (Declaration of Peter Masi in Support of Notice of Removal ("Masi Decl.") at ¶¶ 2-4; Ex. A at p. 11 (FAC ¶ 17) ("CHOICE is a New Jersey limited liability company with is principal place of business located in New Jersey.").) Choice's executive officers work out of Choice's Mahwah, New Jersey headquarters, set its corporate policy there, and maintain its corporate records there. (Masi Decl. at ¶ 4.) Meetings of Choice's board of directors are typically held in Mahwah, New Jersey. (*Id.*) Accordingly, Choice is a citizen of New Jersey. *See Hertz Corp. v. Friend*, 559 U.S. ----, 130 S. Ct. 1181, 1192 (2010) (holding corporate headquarters constitutes principal place of business for diversity jurisdiction purposes).

21. Defendant NRRM is a corporation organized under Missouri law, with its principal place of business in Missouri. (Proetz Decl. at ¶¶ 2-3; Ex. A at p. 11 (FAC ¶ 15) ("NRRM is a Missouri limited liability company with its principal place of business located in

Saint Peters, Missouri").) NRRM's executive officers work out of its Missouri headquarters, set its corporate policy there, and maintain its corporate records there. (Proetz Decl. at ¶ 3.) Accordingly, NRRM is a citizen of Missouri. *See Hertz Corp*, 130 S. Ct. at 1192.

22. The citizenship of unnamed "Doe" defendants sued under fictitious names is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

23. The class members are citizens of California and not citizens of the states in which Choice and NRRM are citizens, namely, New Jersey and Missouri. Accordingly, minimum diversity is satisfied pursuant to 28 U.S.C. § 1332(d)(2)(A).

## VENUE IS PROPER / INTRADISTRICT ASSIGNMENT

24. Removal to this judicial district and division is proper under 28 U.S.C. § 1446(a) Civil L.R. 3-2(d), and Civil L.R. 3-5(b) because they embrace the place where this action was originally pending, namely, the Superior Court of Contra Costa County.

## NOTICE TO THE SUPERIOR COURT OF CONTRA COSTA COUNTY

25. Contemporaneously with the filing of this notice in the above-captioned court, and pursuant to 28 U.S.C. § 1446(d), Choice is filing a true and correct copy of this Notice of Removal with the clerk of the Superior Court of Contra Costa County.

Dated: July 28, 2011

COOLEY LLP

_____
Mazda K. Antia

Attorneys for Defendant
The Choice Manufacturing Company

710553

CASE NO.            7.            DEFENDANT THE CHOICE MANUFACTURING CO.'S NOTICE OF REMOVAL