**United States District Court**
For the Northern District of California

1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5        FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7 THOMAS SANDERS,            ) Case No. 11-3725 SC
                                )
8         Plaintiff,       ) ORDER GRANTING IN PART AND
                                ) DENYING IN PART DEFENDANTS'
9     v.                    ) <u>MOTIONS TO DISMISS</u>
                                )
10 THE CHOICE MANUFACTURING      )
11 COMPANY, INC.; NRRM, LLC; and    )
DOES 3 through 50, inclusive,    )
12                                 )
13         Defendants.
14
15 **I.**     <u>INTRODUCTION</u>
16       Plaintiff Thomas Sanders ("Plaintiff") brings this putative
17 class action against The Choice Manufacturing Company, Inc.
18 ("Choice"), NRRM, LLC ("NRRM"), and Does 3 through 50.  Choice and
19 NRRM (collectively, "Defendants") have moved to dismiss Plaintiff's
20 First Amended Complaint ("FAC").  ECF Nos. 18 ("NRRM MTD"), 21
21 ("Choice MTD").  These motions are fully briefed.  ECF Nos. 25
22 ("Opp'n to NRRM MTD"), 28 ("Opp'n to Choice MTD"), 29 ("NRRM
23 Reply"), 30 ("Choice Reply").[1]  For the reasons set forth below,
24

---

25 [1] Plaintiff filed a motion for leave to file a surreply, attaching
a surreply brief, arguing that further briefing was necessary to
26 address arguments raised for the first time by NRRM in its reply
brief.  ECF No. 33 ("Surreply").  As the Court declines to address
27 the new arguments in NRRM's reply, Plaintiff's motion to file a
surreply is DENIED as moot.  <u>See</u> <u>Adriana Intl. Corp. v. Lewis &</u>
28 <u>Co.</u>, 913 F.2d 1406, 1417 n.12 (9th Cir. 1990) (issues raised for
the first time in a reply brief need not be considered).  Many of
the new arguments raised in NRRM's reply are substantially similar

the Court GRANTS in part and DENIES in part Defendants' motions to dismiss.

## II.  <u>BACKGROUND</u>

As it must on a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), the Court takes as true all well-pleaded factual allegations in Plaintiff's FAC.  Plaintiff is a California resident, NRRM is a Missouri limited liability company, and Choice is a New Jersey corporation with its principal place of business located in New Jersey.  ECF No. 1 ("Not. of Removal") Ex. 1 ("FAC") ¶¶ 14, 15, 17.

NRRM contacted Plaintiff in July 2007 about purchasing Choice's automotive additive ("the Choice additive") for the price of $1,993.  <u>Id.</u> ¶ 31.  The Choice additive came with a limited product warranty (the "Policy" or "Policies") that warrants against damage to the moving parts of a vehicle's engine and transmission caused by failure of the Choice additive.  <u>Id.</u>; Choice RJN[2] Ex. 2

to those raised in Choice's opening brief.  Choice's arguments and Plaintiff's response to those arguments are addressed below.

[2] Choice filed a request for judicial notice ("RJN"), asking the Court to take judicial notice of a number of exhibits.  ECF No. 22 ("Choice RJN").  Choice later filed a RJN in support of its reply brief.  ECF No. 31 ("Choice Reply RJN").  Plaintiff has not opposed either RJN.  Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  A court may also take judicial notice of a document if the plaintiff's claim depends on the contents of the document, and the parties do not dispute the authenticity of the document.  <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).  However, the Court may not take judicial notice of the truth of the facts recited within a judicially noticed document.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-90 (9th Cir. 2001).  The Court GRANTS Choice's RJNs, but limits its review of the exhibits accordingly.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   ("Policy") at 1-2.  The Policy does not apply when the purchaser

2   fails to satisfy certain maintenance requirements, such as changing

3   the vehicle's engine oil every four months or four thousand miles.

4   Policy at 2.

5       Plaintiff believed he was purchasing an extended automobile

6   warranty rather than a limited product warranty.  FAC ¶¶ 31-32.

7   Plaintiff alleges that NRRM never informed him that it was selling

8   an additive warranty rather than an extended automobile warranty.

9   Id. ¶ 31.  Plaintiff further alleges that he would have never

10  purchased the Choice additive from NRRM had he known what he was

11  truly buying.  Id. ¶¶ 31-32.

12      In or around September 2010, Plaintiff's vehicle's transfer

13  case failed.  Id. ¶ 36.  Plaintiff filed a repair claim with Choice

14  under the Policy sometime thereafter.  Id.  Choice rejected the

15  claim on the grounds that Plaintiff had not satisfied his

16  maintenance obligations under the Policy with respect to oil

17  changes.  Id.  Plaintiff alleges he was unaware of his maintenance

18  obligations because "at no time subsequent to his purchase of the

19  Policy was Plaintiff ever provided a copy of the terms and

20  conditions associated with the Policy."  Id.

21      In March 2011, Plaintiff commenced this putative class action

22  in California Superior Court.  Not. of Removal ¶ 1.  Plaintiff

23  subsequently filed his FAC in Superior Court on May 23, 2011.  FAC

24  at 1.  Choice removed the action to federal court on July 28, 2011.

25  Not. of Removal.

26      The gravamen of the FAC is that Defendants were prohibited

27  from selling the Policies to Plaintiff and the putative class

28  members under Sections 116.5 ("Section 116.5"), 700 ("Section

**United States District Court**
For the Northern District of California

700"), and 12800 <u>et seq.</u> ("Sections 12800-12865") of the California Insurance Code.  Section 116.5 provides:

> An express warranty warranting a motor vehicle lubricant, treatment, fluid, or additive that covers incidental or consequential damage resulting from a failure of the lubricant, treatment, fluid, or additive, shall constitute automobile insurance, unless all of the following requirements are met:
>
> (a) The obligor is the primary manufacturer of the product. . . .
>
> (b) The [Insurance] commissioner has issued a written determination that the obligor is a manufacturer as defined in subdivision (a). . . .
>
> (c) The agreement covers only damage incurred while the product was in the vehicle.
>
> (d)  The agreement is provided automatically with the product at no charge.

Cal. Ins. Code § 116.5.  Pursuant to Section 116.5(b), the Department of Insurance ("DOI") has issued a written determination that Choice is a "primary manufacturer of the product" as defined by Section 116.5(a).  <u>See</u> Choice RJN Exs. 1, 3.  Under Section 700, no person may sell automobile insurance in this state without holding a certificate from the California Insurance Commissioner ("Section 700 certificate").  <u>See</u> Cal. Ins. Code § 700(a).  Plaintiff alleges that the Policies constitute automobile insurance because they fail to meet all of the conditions set forth in Section 116.5 and that neither NRRM nor Choice maintains a Section 700 certificate.  <u>See</u> FAC ¶¶ 6, 23.  Plaintiff further alleges that the Policies constitute vehicle service contracts ("VSC") under Section 12800(c)(1) and that NRRM is not a qualified seller of VSCs under Section 12800(f)(1).  <u>Id.</u> ¶¶ 25-30.

4

Plaintiff asserts five causes of action.  Plaintiff's first cause of action for declaratory relief asserts that Defendants' sale of the Policies to Plaintiff and other putative class members is unlawful pursuant to Insurance Code Sections 116.5, 700, and 12800 et seq.  FAC ¶ 55.  Plaintiff seeks a declaration that the Policies are voidable and that Plaintiff and the putative class members are entitled to restitution for all monies paid to Defendants.  Id.  Similarly, the second cause of action for rescission asserts that the Policies are null and void and that Plaintiff and the putative class are entitled to rescission and restitution.  Id. ¶¶ 56-59.  The third cause of action asserts that Defendants violated the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770 et seq., by failing to represent that the Policies "were in fact Additive Policies and not extended warranties," and that NRRM was prohibited by law from selling the Policies and Choice was prohibited from acting as the obligor under the Policies.  Id. ¶¶ 60-65.  The fourth cause of action asserts a violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq.  Id. ¶¶ 66-68.  The fifth cause of action for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. Cal. Bus. & Prof. Code § 17200 et seq., asserts that Defendants engaged in unlawful conduct because they were prohibited from selling the policies under Section 700 of the Insurance Code. Id. ¶¶ 69-73.

Choice and NRRM have each moved to dismiss all five causes of action.  NRRM has also moved to dismiss Plaintiff's class action allegations.

**III.  <u>LEGAL STANDARD</u>**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a [claim] is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint or counterclaim must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." <u>Starr v. Baca</u>, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV.  <u>DISCUSSION</u>**

Plaintiff does not oppose Defendants' motions to dismiss as to his second cause of action for rescission and fourth cause of action for violations of the False Advertising Law. <u>See</u> Opp'n to Choice MTD at 13, 22.  Accordingly, the Court DISMISSES Plaintiff's

United States District Court
For the Northern District of California

second and fourth causes of action WITHOUT LEAVE TO AMEND.  The Court addresses Plaintiff's remaining causes of action below.

### A.   DOI Approval

Choice argues that this action should be dismissed because the DOI has already determined that Choice is an approved product warrantor under Section 116.5.  Choice MTD at 13.  Choice asks the Court to take judicial notice of the DOI's website and a letter from the DOI, both stating that, pursuant to Section 116(b), the Insurance Commissioner has issued written determination that Choice is a "manufacturer" as defined by Section 116.5(a).  Id. at 15; Choice RJN Exs. 1, 3.  The Plaintiff responds that the DOI's determination that Choice is a manufacturer as defined by Section 116.5(a) is not dispositive of whether the Policy meets the other elements of Section 116.  Opp'n to Choice MTD at 10-11.

The Court agrees with Plaintiff.  Even if the Court were to take judicial notice of the documents cited by Choice, there is no indication that the DOI has determined that the Policy meets all of the requirements set forth by Section 116.5.[3]  For example, there is no indication that the DOI has determined that the Policy "covers only damage incurred while the product was in the vehicle" or that the Policy was "provided automatically with the product at no extra charge."  See Cal. Ins. Code § 116.5(c)-(d).  Accordingly, at this stage, the Court declines to find that the DOI has determined that the Policy satisfies the requirements of Section 116.5.

---

[3]  In its reply brief, Choice also argues that the DOI must have found that the Policy met the requirements of Section 116.5 as the Policy was submitted to the DOI for approval in 2004.  Reply at 3; Reply RJN Ex. B.  This argument is also unpersuasive.  While DOI was possibly aware of the Policy, there is no indication that DOI actually approved it.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**B.   Primary Jurisdiction**

Choice also argues that dismissal is warranted because the DOI has "primary jurisdiction" over Plaintiff's claims.  Choice MTD at 13-14.  Under the doctrine of primary jurisdiction, a court may stay or dismiss a case pending action by an administrative agency vested with the power to resolve underlying issues in the case.  See Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 394 (Cal. 1992).  Courts generally invoke the doctrine to take advantage of administrative expertise and ensure uniform application of regulatory laws.  See id. at 391.  Choice argues that the DOI has "both administrative expertise on section 116.5 and familiarity with Choice's product warranty that this Court does not."  Choice MTD at 15.

Plaintiff responds that dismissal is inappropriate under the California Court of Appeal's decision in Aicco, Inc. v. Insurance Company of North America, 90 Cal. App. 4th 579 (Cal. Ct. App. 2001).  Id. at 11-12.  In Aicco, the court held that "if a court decides to invoke the doctrine of primary jurisdiction, the proper procedure is not to dismiss the action, but to stay it, pending the administrative body's resolution of the issues within its jurisdiction."  90 Cal. App. 4th at 594.  The court found that the doctrine of primary jurisdiction was not applicable in that case "since the administrative bodies ha[d] already rendered whatever decision might be relevant to the . . . suit."  Id. at 595.

The Court agrees with Plaintiff and declines to invoke the doctrine of primary jurisdiction.  The Court is reluctant to stay this action pending a determination by the DOI since there is no indication that the DOI has taken up or will take up the issue.

Nor is it clear how Plaintiff or the Court could possibly bring the matter before the DOI.

Choice argues that the lack of an administrative action pending before the DOI does not foreclose the application of the primary jurisdiction doctrine.  See Choice Reply at 14-15. However, the two authorities on which Choice relies are inapposite since, in both cases, the matters at issue had already been taken up by an administrative agency.  In Reudy v. Clear Channel Outdoor, Inc., No. 02-5438 SC, 2009 U.S. Dist. Lexis 39318, at *15 (N.D. Cal. Apr. 24, 2009), this Court invoked the doctrine of primary jurisdiction to stay and later dismiss an action where "the sole relief that Plaintiffs [were] requesting (i.e., enforcement of the City's sign regulations) [was] already being carried out by a City agency that exists for this specific purpose."[4]  Likewise, in Jonathan Neil & Associates, Inc. v. Jones, 33 Cal. 4th 917, 936-37 (Cal. 2004), the California Supreme Court stayed an action pending final resolution of a dispute which was currently before the DOI.

Choice also argues that the DOI "is actively bringing enforcement actions against purported product warrantors whose warranties do not satisfy section 116.5."  Choice Reply at 14. However, it does not appear that any of these enforcement actions involves Choice, NRRM, or the Policy at issue in this case.  See Choice Reply RJN Ex. A.  Accordingly, Choice's argument is irrelevant to the Court's determination of whether to invoke the doctrine of primary jurisdiction in the instant action.

---

[4] Further, the Court later clarified that dismissal was based on the doctrine of equitable abstention as the Ninth Circuit held that primary jurisdiction is an improper ground for a dismissal with prejudice.  See Reudy v. Clear Channel Outdoor, Inc., No. 02-5438 SC, 2010 U.S. Dist. LEXIS 130295, at *3-4 (N.D. Cal. Nov. 29, 2010).

United States District Court
For the Northern District of California

1    For the foregoing reasons, the Court declines to invoke the

2  doctrine of primary jurisdiction.  If Defendants later present

3  evidence that there is a pending action before the DOI concerning

4  the underlying Policy at issue in this dispute, the Court would be

5  willing to reconsider its decision on the matter.

6    **C.   Section 116.5**

7    NRRM argues that all of Plaintiff's claims fail because the

8  Policy complies with each of the requirements of Section 116.5.

9  NRRM MTD at 6-12.  The Court finds that resolution of this issue

10  involves factual determinations which are not appropriate on a

11  motion to dismiss.

12    The parties' dispute over whether the Policy and the Choice

13  additive meet the criteria set forth in Section 116.5 involves a

14  variety of factual issues.  For example, Plaintiff alleges that the

15  Policy does not cover damage resulting from a failure of the

16  additive, as required by Section 116.5, because (1) "the additives

17  are only added to the vehicles once . . . then leave the vehicle

18  due to dissipation, molecular breakdown, and/or fluid replacement .

19  . . long before the expiration of the Policy;" and (2) the Choice

20  additive cannot possibly help the performance of the transmission,

21  which is covered under the Policy, because the additive is added to

22  the radiator, which is part of the vehicle's cooling system.  FAC ¶

23  23(b), (d).  NRRM takes issue with these allegations.  First, NRRM

24  argues that, absent a radiator flush (which was not alleged by

25  Plaintiff), the Choice additive will remain in an engine for the

26  duration of the Policy.  NRRM MTD at 11.  NRRM further argues that

27  the additive improves the performance of the transmission by

28  helping the engine run cooler.  Id. at 11-12.  Even if NRRM's

**United States District Court**
For the Northern District of California

assertions were true, they depend on factual findings which are inappropriate at the pleading stage.

Plaintiff also alleges that Section 116.5(d) was not satisfied because the Policy was not "provided automatically with the [Choice additive] at no extra charge." FAC ¶ 23(e). Plaintiff points out that the Choice additive costs $1,993 while comparable additives are sold at retail stores for $25. Id. NRRM responds that the price of the Choice additive is actually $1,993 and that Plaintiff cannot specifically allege that it is worth anything less than the price he paid for it. NRRM MTD at 12. Again, the Court is unwilling to resolve such factual disputes on a motion to dismiss.

Accordingly, the Court declines to find that the Policy satisfies the conditions set forth in Section 116.5 because such a determination necessarily involves factual determinations which are inappropriate for resolution at the pleadings stage. The parties may raise these issues again on a motion for summary judgment when the Court may properly consider the relevant facts.

### D.   CLRA (Third Cause of Action)

Choice argues that Plaintiff's third cause of action for violation of the CLRA fails because, under Fairbanks v. Superior Court, 46 Cal. 4th 56 (Cal. 2009), the CLRA does not apply to insurance. Choice MTD at 21. Plaintiff alleges that the Policy does not meet the statutory exception set forth in section 116.5 of the Insurance Code and, consequently, Defendants were engaged in the sale of insurance. See FAC ¶ 24. Choice reasons that if the CLRA does not apply to insurance, Plaintiff's third cause of action fails as a matter of law. Choice MTD at 21-22. The Court agrees.

The CLRA provides that it is unlawful to engage in certain "unfair methods of competition" in connection with "the sale or lease of goods or services." Cal. Civ. Code § 1770(a). The statute defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods." Id. § 1761(a). It defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Id. § 1761(b).

In Fairbanks, the California Supreme Court affirmed the dismissal of an action brought under the CLRA alleging deceptive and unfair practice in the marketing and administration of life insurance policies. 46 Cal. at 60. The court reasoned that life insurance is not a good or service as those terms are defined by the CLRA. Id. at 60-61. The court stated that "[a]n insurer's contractual obligation to pay money under a life insurance policy is not work or labor, nor is it related to the sale or repair of any tangible chattel." Id. at 61. The Court found that the CLRA's legislative history supported its conclusion. Id. at 61-62. The CLRA was adapted from a model law that defined the term services to include insurance, but the legislature chose to omit this reference to insurance when it enacted the law. Id. The court also noted that the legislature had expressly defined the term service to include insurance in other statutes but elected not to do so for the purposes of the CLRA. Id. at 62.

Plaintiff argues that Fairbanks is inapposite because the holding of that case was limited to life insurance policies. Opp'n

**United States District Court**
For the Northern District of California

to Choice MTD at 19-20.  Plaintiff contends that, while life insurance is not "related to the sale or repair of any tangible chattel," the product warranty at issue here is.  Id. at 20.  The Court disagrees.  Analyzing the CLRA's legislative history and comparing its text to that of similar statutes, the Fairbanks court concluded that the legislature did not intend for the CLRA to encompass the sale of insurance.  See 46 Cal. at 60-62.  The Fairbanks court did not limit its reasoning to actions brought in connection with the sale of life insurance.

The Court finds that the CLRA does not apply to actions brought in connection with the sale of insurance.  Accordingly, the Court DISMISSES Plaintiff's third cause of action for violation of the CLRA.  Dismissal is WITHOUT LEAVE TO AMEND because Plaintiff's CLRA claim fails as a matter of law.

**E.   Declaratory Relief (First Cause of Action)**

Choice argues that Plaintiff's first cause of action for declaratory relief is barred because the California Insurance Code does not provide for a private right of action.  See Choice MTD at 7-13.  Plaintiff does not offer a coherent response.[5]  The Court agrees with Choice and finds that Plaintiff's claim for declaratory relief is barred as a matter of law.

"[A] private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature intended to create such a right to sue for damages." Vikco Ins. Servs., Inc. v. Ohio Indemnity Co., 70 Cal. App. 4th 55, 62 (Cal. Ct. App. 1999).  "If the Legislature intends to create a

---

[5] As discussed in Section IV.F.1 below, Plaintiff does address the Insurance Code's lack of a private cause of action in the context of his claim for UCL violations.

private cause of action, we generally assume it will do so

directly[,] . . . in clear, understandable, unmistakable terms."

Id. at 62-63 (internal quotation marks and citations omitted).

Plaintiff's claim for declaratory relief is predicated on

violations of sections 116.5, 700, and 12800-12865 of the Insurance

Code. See FAC ¶ 55. Specifically, Plaintiff alleges that he and

the putative class "are entitled to a declaration . . . that

Defendant[s'] transacting of any business with respect to the

Policies is independently unlawful pursuant to both California

Insurance Code Section 116.5 and Section 700; and California

Insurance Code Section 12800 et seq." Id. The statutory language

of these sections does not include "clear, understandable,

unmistakable terms" authorizing a private right of action. Section

116.5 provides that additive warranties do not constitute

automobile insurance if certain conditions are met. The statute

does not provide for any type of liability at all. The provisions

of both Sections 700 and 12800-65 indicate that the legislature

intended for the state to manage enforcement. Section 700(b)

provides that persons who sell insurance without first obtaining

proper authorization may be punished through imprisonment or a fine

not exceeding $100,000, or both. Similarly, Section 12845 states

that persons who provide VSC forms to sellers without complying

with other provisions of the statute may be imprisoned or subject

to a fine of up to $500,000, or both.[6]  Both Sections 700(b) and

---

[6] Further, nothing in the legislative history of these sections
indicates that the California legislature intended to create a
private right of action. Section 116.5 was enacted in 1999, has
been amended at least three times since, and has never included any
relevant language concerning liability. See Choice RJN Ex. 4
(Leg. History of Cal. Ins. Code § 116.5). Section 700 has been
amended at least eight times since its enactment in 1935, and at no

12845 provide that the Insurance Commissioner may seek an injunction in a court of competent jurisdiction to enforce the provisions.

Plaintiff's first cause of action for declaratory relief fails as a matter of law. The Court may not grant declaratory relief based solely on three sections of the Insurance Code which do not provide for a private right action. Accordingly, the Court DISMISSES Plaintiff's first cause of action WITHOUT LEAVE TO AMEND.

**F.   UCL Violations (Fifth Cause of Action)**

In Plaintiff's fifth cause of action for UCL violations, he alleges that Defendants' "marketing, advertising, publicity, promotional efforts, sales, administration, and acting as obligor under the Policies" amount to unfair competition and unlawful practices because the Policies constitute automobile insurance or VSCs and Defendants were not licensed to sell such products under Sections 700 or 12800-12865. FAC ¶¶ 71-72. Defendants move to dismiss Plaintiff's UCL claim on the grounds that (1) the Insurance Code does not provide for a private right of action, and (2) Plaintiff fails to plead fraud with particularity.

1.   Private Right of Action

As with Plaintiff's claim for declaratory relief, Choice moves to dismiss Plaintiff's UCL cause of action on the grounds that Sections 116.5, 700, and 12800-12865 do not provide for a private right of action. As discussed in Section IV.E supra, the Court finds that the text and legislative history of these provisions show that they do not create private rights of action. Plaintiff

time in its history did it provide for a private right of action. See id. Ex. 5 (Leg. History of Cal. Ins. Code § 700). Section 12845 was enacted in 2003 and has never included a private right of action. See id. Ex. 5 (Leg. History of Cal. Ins. Code § 12845).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

argues that a private citizen may utilize the UCL to enforce the provisions of a statute, even where the underlying statute does not expressly provide for a private right of action.  Opp'n to Choice MTD at 7.  Choice responds that Plaintiff's UCL claim is actually a claim for violation of the Unfair Insurance Practices Act ("UIPA"). Choice Reply at 7.  Choice points out that the California courts have held that the UIPA does not provide for a private right of action and that a plaintiff may not plead around this bar by recasting a UIPA claim as a UCL claim.  Choice Reply at 7-8. Alternatively, Choice argues that the Insurance Code provisions challenged by plaintiff are "so substantially similar to the UIPA, which does not allow private rights of action, that they should be treated the same for Plaintiff's UCL claim."  Id. at 9.

The UCL can form the basis for a private cause of action, even where the predicate statute does not provide for a private cause of action.  See Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000); Stop Youth Addiction, Inc. v. Lucky Stores, Inc., 17 Cal. 4th 553, 573 (Cal. 1998).  However, "[t]here are limits on the causes of action that can be maintained under section 17200."  Chabner, 225 F. 3d at 1048.  Specifically, the UCL cannot form the basis for a cause of action where the predicate statute actually bars the action or expressly permits the challenged conduct.  Id.  A statute does not necessarily bar a private right of action where the statutory scheme provides for penal remedies.  See Stop Youth Addiction, 17 Cal. 4th at 572; Stevens v. Super. Ct., 75 Cal. App. 4th 594, 605 (Cal. Ct. App. 1999).  As Plaintiff points out, a number of courts have held that private plaintiffs may use the UCL to enforce other provisions in

16

United States District Court
For the Northern District of California

the Insurance Code requiring persons selling insurance to acquire a license from the state.  See Wayne v. Staples, Inc., 135 Cal. App. 4th 466, 478 (Cal. Ct. App. 2006) (plaintiff could bring UCL action to enforce section 1635(h) of the Insurance Code); Stevens, 75 Cal. App. 4th at 605 (plaintiff could bring a UCL claim for violation of section 1631 of the insurance code).

In Moradi Shalal v. Fireman's Fund Insurance Companies, 46 Cal. 3d 287, 304-05 (Cal. 1988), the California Supreme Court held that the UIPA did not create a private cause of action against insurers who violate its provisions.  The UIPA prohibits, among other things, "making or disseminating . . . any statement containing any assertion, representation or statement with respect to the business of insurance . . . which is untrue, deceptive, or misleading."  Cal. Ins. Code. § 790.03(b).  A plaintiff may not plead around Moradi Shalal, by recasting a claim for a UIPA violation as a UCL cause of action.  See Mfrs. Life Ins. Co. v. Super. Ct., 10 Cal. 4th 257, 283-284 (Cal. 1995).  For example, in Textron Financial Corp. v. National Union Fire Insurance, 118 Cal. App. 4th 1061, 1070 (Cal. Ct. App. 2004), the court found that Moradi Shalal barred a UCL claim alleging that the insurer had used misleading documents and misrepresented the terms of its insurance policies and its obligations under them.  The Court reasoned that these types of activities were covered by the UIPA.[7]  Id.

---

[7] The California Court of Appeals rejected the court's holding in Textron in Zhang v. Superior Court, 178 Cal. App. 4th 1081, 1089-90 (Cal. Ct. App. 2010).  In Zhang, the court held that Moradi Shalal only bars a UCL claim where "plaintiff relies on conduct that violates the [UIPA] but is not otherwise prohibited."  178 Cal. App. 4th at 1088 (emphasis in the original).  However, the California Supreme Court recently granted review in Zhang.  See Zhang v. Super. Ct., 225 P.3d 1080 (Cal. 2010).  Thus, at this

The Court finds that Plaintiff may state a UCL claim for violations of Section 116.5, 700, and 12800-12865. Choice does not point to any language in these sections that expressly bars a plaintiff from bringing a private right of action. While sections 780(b) and 12845 do provide that violators may be fined or imprisoned, they do not state that these remedies are exclusive. See Stop Youth Addiction, 17 Cal. 4th at 572. The Court rejects Choice's argument that Plaintiff is impermissibly attempting to plead around Moradi Shalal by framing his UIPA claim as a claim for UCL violations. The UIPA prohibits "making or disseminating . . . any statement containing any assertion with respect to the business of insurance . . . is untrue, deceptive, or misleading." Cal. Ins. Code. § 790.03(b). The allegedly actionable conduct on which Plaintiff's UCL claim is based is broader than "untrue, deceptive, or misleading" statements. The crux of Plaintiff's UCL claim is that Defendants' acts constituted unlawful business practices because they sold and acted as obligor under the Policy without first obtaining a license or certificate from the DOI. See FAC ¶¶ 71-72.

### 2. Particularity Requirements

Both Choice and NRRM argue that Plaintiff's UCL claim fails for the additional reason that the FAC fails to plead fraud with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Choice MTD at 19-21; NRRM MTD at 13-15. Plaintiff responds that his UCL claim is based on Defendant's allegedly unlawful conduct, not fraud, and, consequently, Rule 9(b)'s heightened pleading standards are inapplicable. Opp'n to

time, Zhang is no longer good law, and the Court declines to follow it.

United States District Court
For the Northern District of California

1    Choice MTD at 17-18; Opp'n to NRRM Opp'n at 9.  Specifically,

2    Plaintiff contends that his UCL claim is predicated on the theory

3    that Defendants' sale of the Policy was unlawful because the Policy

4    constituted automobile insurance pursuant to Section 116.5 and

5    Defendants failed to obtain a proper license to sell such insurance

6    pursuant to Section 700.  Id.  Accordingly, the Court DISMISSES

7    Plaintiff's UCL claim to the extent that it is based on fraud.

8    However, the Court DENIES Defendants' motion to dismiss Plaintiff's

9    UCL claim to the extent the claim is based on Defendants' allegedly

10   unlawful sale of insurance without a license.

11        **G.    Class Allegations**

12        Finally, NRRM moves to dismiss the class allegations in the

13   FAC.  NRRM MTD at 15-20.  NRRM argues that, under Federal Rule of

14   Civil Procedure 23(b)(3), individualized factual issues preclude

15   class certification in the instant action.  Id. at 16.

16   Specifically, NRRM argues that the following facts would vary among

17   class members:  (1) knowledge about product warranties, (2)

18   personal sales experience with NRRM, (3) reliance on NRRM's

19   representations, and (4) desire for rescission or restitution.  Id.

20   at 17-20.

21        Plaintiff responds that NRRM's arguments are based on an

22   erroneous reading of the FAC.  Opp'n to NRRM at 10-11.  Plaintiff

23   argues that this action is not based on misrepresentations made by

24   Defendants, but on Defendants' sale of the Policy without a

25   license.  Id.  Plaintiff contends the issue of the legality of the

26   sale of the Policy would not vary among the putative class members.

27   Id.  Plaintiff further argues that Defendants' contention that some

28   class members may not want rescission or restitution fails because

**United States District Court**
For the Northern District of California

1   (1) "consumers do not buy illegal products" and (2) under <u>Yokoyama</u>

2   <u>v. Midland National Life Insurance Company</u>, 594 F.3d 1087, 1094

3   (9th Cir. 2010), individualized damages do not preclude class

4   certification.

5        The Court agrees with Plaintiff and finds that an evaluation

6   of his class action allegations is inappropriate at this time.

7   NRRM's arguments concerning Plaintiff's class action allegations,

8   in large part, misread the FAC.[8]  Further, courts generally review

9   class allegations through a motion for class certification, after

10  the defendant has answered the complaint and some discovery has

11  occurred.  <u>See</u> <u>In re Wal-Mart Stores, Inc.</u>, 505 F. Supp. 2d 609,

12  614-15 (N.D. Cal. 2007).  In the instant action, Plaintiff's motion

13  for class certification is not before the Court, no answer has been

14  served, and there is no indication that any discovery has taken

15  place.

16       Accordingly, the Court DENIES NRRM's motion to dismiss

17  Plaintiff's class action allegations.

18

19  **V.    <u>CONCLUSION</u>**

20       For the foregoing reasons, the Court GRANTS in part and DENIES

21  in part the motions to dismiss brought by Defendants The Choice

22  Manufacturing Company, Inc. and NRRM, LLC.  The Court DISMISSES

23  WITHOUT LEAVE TO AMEND Plaintiff Thomas Sanders' first cause of

24  action for declaratory relief, second cause of action for

25  rescission, third cause of action for violations of the CLRA, and

26  fourth cause of action for violations of the False Advertising Law.

27  The Court also DISMISSES Plaintiff's fifth cause of action for

28  ─────────────────────
    [8] Indeed, NRRM appears to have abandoned its arguments concerning
    Plaintiff's class action allegations in its reply brief.

violations of the UCL to the extent that it is based in fraud, but the Court DENIES Defendants' motions to dismiss this cause of action to the extent it is based on Defendants' allegedly unlawful sale of the Policy without a license.   Plaintiff's class action allegations remain undisturbed.

IT IS SO ORDERED.

Dated: November 30, 2011



_____

UNITED STATES DISTRICT JUDGE